**Jeffery Todd FLEMING, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–96–179–CR.**

Court of Appeals of Texas, Eastland.

Sept. 11, 1997.

Loren A. Detamore, Houston, for appellant.

John B. Holmes, District Attorney, Houston, for appellee.

Before ARNOT, C.J., and WRIGHT, J.,

and McCLOUD, Senior Justice.*

## OPINION

ARNOT, Chief Justice.

Appellant pleaded nolo contendere to the offense of tampering with a governmental record and true to both enhancement allegations. Pursuant to a plea bargain agreement, the trial court assessed appellant's punishment at confinement for two years. Appellant asserts two points of error on appeal complaining of the trial court's denial of pretrial motions. We affirm.

In the first point, appellant argues that the trial court erred in denying his motion to be sentenced under TEX. TRANSP. CODE ANN. § 601.196 (Vernon Pamph.1997) for a misdemeanor rather than under TEX. PENAL CODE ANN. § 37.10 (Vernon 1994). Relying upon TEX. GOV'T CODE ANN. § 311.026 (Vernon 1988), appellant argues that he was entitled to be sentenced under Section 601.196 because it is more specific than and was enacted after Section 37.10.

Section 601.196 provides that forging "an evidence of financial responsibility" is a misdemeanor. Under Section 37.10(a)(5) and (c), tampering with a governmental record is a state jail felony under the circumstances alleged in appellant's indictment. The indictment charged that appellant:

> [D]id then and there unlawfully, with knowledge of its falsity PRESENT a governmental record, namely A STANDARD PROOF OF LIABILITY FORM, ATTACHED HERETO AS EXHIBIT A; and with the intent to defraud and harm another.

A standard proof of motor vehicle liability insurance form is both "evidence of financial responsibility" for purposes of Section 601.196 and " a governmental record for purposes of Chapter 37, Penal Code." TEX. TRANSP. CODE ANN. §§ 601.053 and 601.087 (Vernon Pamph.1997). Therefore, the conduct alleged in the indictment appears to violate both statutes.

Under the Code Construction Act, it is presumed that the legislature intended the entire statute to be effective. TEX. GOV'T CODE ANN. § 311.021 (Vernon 1988). If a general provision and a special provision are in conflict, they must be construed to give effect to both when possible. The special provision prevails as an exception to the general provision only when the conflict is irreconcilable. Section 311.026. Under Section 601.087 as amended,[1] only one of the seven types of evidence of financial responsibility listed in Section 601.053 is a governmental record: the standard proof of liability form. In order to give effect to Section 601.087, we must presume that the legislature specifically intended for tampering with a standard proof of liability form to be an offense punishable under Section 37.10 of the Penal Code. Forging any of the six other types of evidence of financial responsibility remains an offense under Section 601.196 but is not an offense under Section 37.10. Reading the statutes to give effect to both Section 601.087 and Section 601.196, we find no irreconcilable conflict. We hold that the trial court did not err in overruling appellant's motion. The first point of error is overruled.

In the second point, appellant argues that the trial court erred in overruling his motion to dismiss. Appellant asserts that the district court had no jurisdiction in this case because the offense was a misdemeanor. Based upon our holding regarding appellant's first point of error, we hold that the trial court did not err in overruling appellant's motion to dismiss. The offense committed by appellant was a state jail felony under Section 37.10(a)(5) and (c). The second point of error is overruled.

The judgment of the trial court is affirmed.

---

* Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

1. We note that Sections 601.087 and 601.196 were enacted at the same time and were merely a recodification of former TEX.REV.CIV.STAT. art. 6701h. (1993). Subsequent to enacting these sections and repealing Article 6701h, the same legislature amended the section of Article 6701h that is now Section 601.087. See Acts 1995, 74th Leg., ch. 165, § 1 and 74th Leg., ch. 621, § 5.